## Sheplan et al., Appellants, *v.* Kramer Woodworking Co.

*Negligence—Piling boards in street—Evidence—Case for jury—Infants.*

In an action for damages for personal injuries to a child ten years old, suffered while playing around a pile of logs placed by defendant in a street, a verdict for defendant will be sustained, where the evidence for plaintiff tended to show that the logs were so carelessly piled that they were liable to roll down and injure children playing about them, while defendant's evidence showed due care.

Argued January 5, 1922. Appeal, No. 32, Jan. T., 1922, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., March T., 1919, No. 1482, on verdict for defendant, in case of Bernard Sheplan, by his next friend and father, Charles Sheplan, and Charles Sheplan, in his own right, v. Kramer Woodworking Co., Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before WESSEL, J.

The opinion of the Supreme Court states the facts.

The trial judge affirmed defendant's first point, which was as follows:

"1. The defendant was not bound to anticipate that trespassers would pry the beams loose from their fastenings and is therefore not responsible for any accident which occurred by reason of such acts."

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was charging as above, quoting it.

*Max Aron*, with him *Jacob Weinstein*, for appellant.

*T. R. White* and *H. W. Moore,* for appellee, were not heard.

PER CURIAM, February 6, 1922:

Plaintiffs sued to recover for injuries to Charles Sheplan, a ten-year-old child, alleged to have been suffered by him through defendant's negligence. The issues involved were submitted to the jury, who found a verdict for defendant, upon which judgment was entered; plaintiffs have appealed.

Defendant manufactures articles made of wood; one of its places of business is located on North 9th Street, Philadelphia, in front of which was piled a quantity of boards and logs; one of these logs rolled upon, and injured, the minor plaintiff, while he was playing around the pile. Plaintiffs' evidence tended to prove that the logs were so carelessly piled that an accident of the kind here complained of was apt to happen, while defendant's evidence showed due care, and the verdict indicates the jury believed the latter. After reading the testimony and examining the entire record, we find no reversible error.

The judgment is affirmed.